# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

LISA CLEVELAND and ROBERT BRONCEL
                              Plaintiffs,

    v.

SP Servicing, Inc.; JP Morgan Chase & Co.;
Essex County, New Jersey;
Deutsche Bank; Internal Revenue Service
and American Security Insurance Company
                              Defendants,
State of New Jersey,
                              Defendant,
                              A Party of Interest,

Department of Health and Human Services
                              A Party of Interest.

Civil Action No. 2:21-cv-00605-SDW-LDW
**Filed electronically**

### SECOND AMENDED COMPLAINT FOR PERMANENT INJUNCTION, OTHER EQUITABLE RELIEF, MONETARY DAMAGES & DEMAND FOR JURY TRIAL

1. Plaintiffs, Lisa Cleveland & Robert Broncel acting Pro-Se in this matter aver as follows:

2. This is an action under 42 USC 1983 and 1988; and New Jersey State Rule _N.J.S.A._ _2A:62-1_ permits a person in the peaceable possession of lands to bring an action to clear up all doubts and disputes concerning some other person's claim to a lien or encumbrance thereon. The property in this Quiet Title Action is 150 Montrose Ave, South Orange, NJ 07079.

3. The Complaint is an action in the Federal Court in order to pursue Plaintiffs' Constitutionally Guaranteed Due Process Rights and correct violations of said rights by the Essex County Superior Court in conjunction with the other Defendants'.  Superior

1

Court authorized by statute to quiet and determine title and claims to property, real or personal, or any right or interest therein, shall state the manner in which plaintiff either acquired title or the right to possession and shall describe the property with such certainty that the defendant will be distinctly apprised of its location or character, and a judgment affecting the same may be entered according to that description.

4. This is also an action under actions 5(a), (5m)(1)(A), and 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), and 53(B), to secure permanent injunctive relief and other equitable relief, including rescission, reformation, redress and disgorgement, against defendants for engaging in unfair or deceptive acts or practices in violation of Section 5 (a) of the FTC Act, as amended, 15 USC section 45 (a) and acts or practices in violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 USC section 1692 et seq., as amended, and the Fair Credit Reporting Act ("FCRA"), 15 USC section 1681 et seq., as amended and to obtain a monetary civil penalty for violations of the FDCPA and FCRA.

5. This is an action under sections 6 and 16 of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 USC Section 2605, and Section 3500.21 of the Department of Housing and Urban Development Regulation X ("Regulation X"), 24 CFR Section 3500.21

## JURISDICTION AND VENUE

6. This action is brought for compensatory damages, punitive damages and attorney's fees pursuant to 42 USC section 1983 and 1988 for violation of Plaintiffs' Civil Rights, as secured by federal statutes and the Constitution of the United States. Jurisdiction is found on 28 US Code Sections 1331 and 1343. Plaintiff further invokes dependent and

US DISTRICT COURT OF NEW JERSEY **CASE NUMBER 2:21-CV-605**: SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND MONETARY DAMAGES

supplemental jurisdiction of this Court to decide claims arising under state law. Jurisdiction is also appropriate because of the Constitutional Rights Violations of due process and civil rights. Finally, Jurisdiction is appropriate, because of Diversity of Citizenship. Defendants SP Servicing, Deutsche Bank and ASIC do not have offices in New Jersey. Venue is appropriate in the United States District Court of New Jersey located in Newark in Essex Count, New Jersey, as the subject property is in Essex County, New Jersey.

## STATUTE OF LIMITATIONS

7. The Statute of Limitations is presently tolled, due to the Continuing Violations Doctrine as Plaintiffs are subject to continued wrongdoings.

## THE PARTIES

8. Plaintiffs are individuals that have resided at 150 Montrose Avenue, the subject property, in the Township of South Orange in Essex County, New Jersey, since 2004.

9. Defendant Select Portfolio Servicing, inc. ("SPS") is a nationally recognized leader in the residential mortgage servicing industry…. [that specializes] in the servicing of single-family residential mortgage loans, and [has] been in business since 1989 with operations in Salt Lake City Utah and Jacksonville, Florida. It was formerly known as Fairbanks Capital, a Delaware corporation that maintain[s] its principal place of business in Salt Lake City Utah. www.spservicing.com/StaticDetails/JoinOurTeam

10. SPS is a debt collector" as defined in section 803(6) of the FDCPA, 15 USC section 1692a(6).

11. Defendant JP Morgan Chase and Co. is "a leading global financial services firm with assets of $2.6 trillion and operations worldwide… [The Company is a leader] in

3

US DISTRICT COURT OF NEW JERSEY **CASE NUMBER 2:21-CV-605**: SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND MONETARY DAMAGES

investment banking, financial services for consumers and small business, commercial

banking, financial transactions processing and asset management."

www.jpmorganchase.com/about/our-business

12. Defendant Essex County, New Jersey is the most densely populated of New Jersey's 21

Counties.  Per County Executive "Joey Di", "Essex County is a great place to live, work

and play, and there are many recreational opportunities available here. I am excited to

live here and am eager to let people know what our County has to offer. Our park system

is the oldest in the country and our 17 parks and five reservations provide a tranquil and

peaceful setting for those who want to escape the hustle and bustle of our busy streets."

https://essexcountynj.org/essex-county-
executive/#:~:text=Our%20park%20system%20is%20the,bustle%20of%20our%20busy
%20streets.&text=I%20encourage%20you%20and%20your,Joseph%20N .

13. Defendant Deutsche Bank of the Americas Holding Corp is a leading provider of

financial services to agencies, corporations, governments, private individuals and

institutions in the Americas…. In October 2001, Deutsche Bank was the first German

bank to list on the NYSE and one of the largest foreign-based employers in New York

City. www.country.db.com/usa

14. Defendant American Security Insurance Company is located in Atlanta, GA, United

States and is part of the Insurance Carriers Industry. American Security Insurance

Company has 1400 total employees across all of its locations and generates $21.02

million in sales (USD). (Sales figure is modelled). https://www.dnb.com/business-
directory/company-
profiles.american_security_insurance_company.05973374935ee94fa13e50519a46b3df.ht

US DISTRICT COURT OF NEW JERSEY **CASE NUMBER 2:21-CV-605**: SECOND
AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND
MONETARY DAMAGES

ml https://www.dnb.com/business-directory/company-
profiles.american_security_insurance_company.05973374935ee94fa13e50519a46b3df.ht
ml

15. Defendant "Internal Revenue Service ["IRS"] is the nation's tax collection agency and
administers the Internal Revenue Code enacted by Congress." https://www.irs.gov/about-
irs.  Defendant issued a Notice of Federal Tax Lien on July 22, 2010, on the property at
150 Montrose Avenue, South Orange, NJ, when Plaintiff Lisa Cleveland was unable to
pay Federal Taxes, because of monies owed to her from her Continuing Care Retirement
Community Development LLC that far exceeded the tax debt.  Over the years, the lien
caused numerous problems for both Plaintiff Lisa Cleveland and Plaintiff Robert Broncel.

16. The couple has continuously tried to resolve the lien and Plaintiff Cleveland has tried to
declare her husband an innocent spouse since the lien was a direct result of her earnings,
not his.  The IRS has refused to accommodate all of the couples' requests and has never
responded to the couples' latest endeavor in early 2000 to resolve the matter.

17. The IRS failed to defend their tax lien & Essex County Court wrongly dismissed the lien.

18. The State of New Jersey is a Party of Interest due to Essex County provenance.

www.nj.gov

19. The Party of Interest Department of Health and Human Services ("DHHS") is a Party of
Interest due to the fact that SPS fraudulently misappropriated Federal monies from Sandy
Homeowners/Renters Assistance Program ("SHRAP"), which DHHS administers via the
Disaster Relief Act. www.oig.hhs.gov

**<u>FIRST CAUSE OF ACTION</u>**
**<u>USC SECTION 1983 CONSPIRACY</u>**

US DISTRICT COURT OF NEW JERSEY **CASE NUMBER 2:21-CV-605**: SECOND
AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND
MONETARY DAMAGES

20. Plaintiffs incorporate by reference all the foregoing paragraphs.

21. Defendants conspired to violate Plaintiff's Constitutional due process rights.

22. Defendants conspired and acted in bad faith in violation of 42 U. S. C. Section 1983 and section 1988; and the Fourth, Fifth, Eighth and Fourteenth amendments to the United States Constitution and the laws and Constitution of the State of New Jersey.

23. When Defendants allowed the improper assignments to impinge on Plaintiffs rights as a homeowner, they violated their Constitutional rights… "nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

24. As a direct and proximate result of the acts alleged therein, Plaintiff was caused and will continue in the future to be caused to experience pain and suffering and permanent physical, mental and emotional injury.

25. Wherefore, Plaintiff demands judgment against the Defendants as follows:

    a.  compensatory damages;

    b.  punitive damages;

    c.  attorneys fees;

    d.  interest; and

    e.  for such other relief as the Court deems just and proper.

### SECOND CAUSE OF ACTION
### USC SECTION 1988 CONSPIRACY

26. Plaintiffs incorporate by reference all the foregoing paragraphs.

27. Per 2014 New Jersey Revised Statutes Title 10 – Civil Rights Section 10:6-2 – Actions permitted under the New Jersey Civil Rights Act

US DISTRICT COURT OF NEW JERSEY **CASE NUMBER 2:21-CV-605**: SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND MONETARY DAMAGES

### THIRD CAUSE OF ACTION
### DEFENDANT SPS' ILLEGAL SUBPRIME MORTGAGES ADD TO AND REPEAT PRIOR HARMS OF FAIRBANKS CAPTIAL

28. SPS is a financial services company specializing in the acquisition, servicing, and resolution of mortgage loans, primarily in the "subprime" market, and as such makes a profit by charging fees to said subprime customers for servicing their loans. Typically, the mortgage loans that SPS services are held in real estate investment trusts ("REIT") on the secondary market for the benefit of investors. In the Plaintiff's case, that REIT is named WaMu Mortgage Pass-Through Certificates Series 2005-AR11.

29. SPS also received compensation, in the form of commissions or otherwise, when it "forced placed" Casualty Insurance on Plaintiffs' home, known as Lender's Placed Insurance provided by Defendant ASIC. Under the terms of mortgage loan serviced by SPS consumers are required to maintain homeowner/fire (and, in some cases, flood) insurance on their homes SPS "advances" money to the consumer to pay for casualty insurance that it places on the consumer's home when, according to SPS, the consumer has allowed the insurance to lapse, or the consumer has not provided proof that the insurance has not lapsed. This Lender's placed insurance was much more expensive, nearly 10 times more than insurance purchased by the Plaintiffs, before the initial Foreclosure Action. In addition, SPS charges interest on the money advanced for force placed insurance.

30. SPS purchased the servicing rights of the REIT named WaMu Mortgage Pass-Through Certificates Series 2005-AR11 from J.P. Morgan Chase on or about September 2012. On October 29, 2012, when Hurricane Sandy swept New Jersey it partially or fully destroyed numerous homes, or portions of the property. Plaintiff's roof was damaged by Hurricane

US DISTRICT COURT OF NEW JERSEY **CASE NUMBER 2:21-CV-605**: SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND MONETARY DAMAGES

Sandy, as well as completely demolishing an outdoor structure.  Hurricane Sandy also damaged plaintiff Robert Broncel's livelihood at Prudential Financial, because people were removing money from their investment accounts in order to pay for damages that were allegedly not covered by insurance.

31. On March 21, 2013, Plaintiff Lisa S Cleveland was hit by a car as a pedestrian while crossing a street in Edison New Jersey. Due to the necessary months of rehabilitation required the couple experienced additional loss of income. The forced placed Lender's Insurance did not cover the damaged house adequately. Lisa Cleveland fought tirelessly to have the property reviewed to no avail.  ASIC gauged Plaintiffs.

32. On September 13, 2013, the Foreclosure Action against the Plaintiffs was dismissed by the State of New Jersey for Lack of Prosecution. It took Plaintiff Lisa Cleveland some time to realize this because the Bank never sent Notice to the Plaintiffs of said dismissal. Eventually she applied for a program offered by Newark Emergency Services for Families to get assistance with a potential Modification. They received $11,000+.

33. As a result of the damaged property, Plaintiffs received a depreciation check in the amount of $4,002.19. The depreciation check was written to both Lisa Cleveland and SPS. Lisa Cleveland called J.P. Morgan to ask if they would give the depreciation check to Lisa Cleveland and they said yes; however, once endorsed and mailed to SPS, SPS flatly refused to return the depreciation check to Defendants.  Bruce Levitt, Defendants Counsel of Record until Defendants could no longer afford him, stated that SPS would need to be sued to recover the depreciation monies.

34. When Plaintiffs requested the amount of money necessary to "reinstate" (i.e., bring their account current) or pay off their loan, SPS' demands contained many additional,

US DISTRICT COURT OF NEW JERSEY **CASE NUMBER 2:21-CV-605**: SECOND
AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND
MONETARY DAMAGES

egregious fees that they been assessed by SPS, including fees for property inspection at 150 Montrose Ave., South Orange New Jersey, BPOs, demand letters, payoff quotes, as attorneys' fees, and prepayment penalties.  Again, SPS gauged the Plaintiffs.

35. In collecting late payments, SPS uses aggressive practices and threatened plaintiffs with continuing collection calls, and negative credit rating, additional fees, and even foreclosure, to obtain Plaintiffs' agreement to forbearance agreements or other work out solutions that demand the "total amount due." The total amount due includes all payments due and all fees assessed by SPS. When plaintiff Lisa Cleveland asked SPS's' collectors to give her a breakdown of all the fees, they could not explain the fees, but instead insisted that that's just the way they do business, when they acquire loans. They consistently call demanding the total amount due, instead of assisting the Plaintiff's with the Modification that Plaintiffs have been trying to obtain since 2014.

36. Wherefore, Plaintiff demands judgment against the Defendants as follows:

    a.  compensatory damages;

    b.  punitive damages;

    c.  attorneys fees;

    d.  interest; and

    e.  for such other relief as the Court deems just and proper.

**FOURTH CAUSE OF ACTION**
**DEFENDANT SPS' FRAUD IN THE INDUCMENT**

37. When Plaintiffs disputed any aspect of their loan servicing, particularly the application of the SHRAP monies designated for current mortgage payments, so that the Plaintiffs could achieve their Modification, SPS collectors told Plaintiffs that the company had made a

9

"business decision" to apply the funds to earlier payments. When Plaintiff Lisa Cleveland reminded the SPS collector that the funds were intended for a Modification and while negotiating with Denise Bell of Newark Emergency Services for Families, Plaintiff Lisa Cleveland was present in Ms. Bell's office and the call was on speakerphone, when SPS promised to place the monies into escrow. The fact that SPS later claimed that it made a "business decision" not to honor the promises they made while plaintiff Lisa Cleveland applied for federal funds meant for current mortgage payment assistance, which would have to be repaid if misused, was deceptive, dishonest, and illegal. It was, in fact, fraudulent behavior on the part of SPS.

38. In order to establish fraud in the inducement, plaintiff must establish the following claims, five elements: (1) a material misrepresentation; (2) made with knowledge of its falsity; and (3) with the intention that the other party rely thereon; (4) resulting in reliance by that party; (5) to his detriment." *Allstate N.J. Ins. Co. v. Lai ara, 222 N.J, 129, 147 (2015)* (citing *Banco Popular N. Am. v. Gandi, 184 N.J. 161, (2005*) (internal quotation marks omitted). *2020 N.J. Super. Unpub. LEXIS 3996*.

39. SPS made a material misrepresentation when its representative stated that the SHRAP monies would be designated for the Modification of the Defendants' mortgage. They knowingly led Defendants to believe that they would apply the funds to a workout of the mortgage. The Defendants relied on the fact that SPS was earnest and willing to work with Defendants because of the medical calamity of stroke that befell upon Defendant Lisa Cleveland that caused her to lose her six-figure income. The reliance of Defendants on this material representation led Defendants to lose in excess of $11,000 that was earmarked for the modification, during a period when Defendants were recovering with

US DISTRICT COURT OF NEW JERSEY **CASE NUMBER 2:21-CV-605**: SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND MONETARY DAMAGES

the rest of New Jersey families from the devastating destruction caused by Hurricane Sandy.

40. Furthermore, the behavior was in clear violation of the Federal Trade Commission Act.

41. Wherefore, Plaintiff demands judgment against the Defendants as follows:

     a.  compensatory damages;

     b.  punitive damages;

     c.  attorneys fees;

     d.  interest; and

     e.  for such other relief as the Court deems just and proper.

**FIFTH CAUSE OF ACTION**
**FEDERAL TRADE COMMISSION ACT VIOLATIONS**
**FAILURE TO PROPERLY POST PLAINTIFFS PAYMENTS**

42. Plaintiffs incorporate by reference all the foregoing paragraphs.

43. In the course of conduct of their loan servicing and collection, Defendants in numerous instances have failed to timely or properly post payments received from Plaintiffs in a timely manner, and then have assessed late fees and other charges as a result.

44. In Plaintiff's case, this is particularly germane to the March 31, 2014 payment accepted for $6247.49 from the Federal SHRAP program and the May 16, 2014 SHRAP check cut and mailed for $5,000.00 by Newark Emergency Services for Families as a result of successfully completing the application for Federal assistance for damage from Hurricane Sandy. The application specifically states that the monies were meant for current mortgage payments. That is how the Program Manager chose to designate the payments so that they would be used for a Mortgage Modification. See Exhibit__.

US DISTRICT COURT OF NEW JERSEY **CASE NUMBER 2:21-CV-605**: SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND MONETARY DAMAGES

45. Defendant's actions have caused and are likely to cause substantial injury to Plaintiffs. This injury is not reasonably avoidable by Plaintiffs and not outweighed by countervailing benefits to Plaintiffs. Currently, Plaintiffs are attempting their fifth or sixth Modification with SPS.

46. Defendants acts or practices constitute unfair acts or practices in or affecting commerce in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a).

47. Wherefore, Plaintiff demands judgment against the Defendants as follows:

    a.   compensatory damages;

    b.   punitive damages;

    c.   attorneys fees;

    d.   interest; and

    e.   for such other relief as the Court deems just and proper.

## SIXTH CAUSE OF ACTION:
## DEFENDANT ASIC'S EGREGIOUSLY EXPENSIVE FORCE PLACED INSURANCE

48. Plaintiffs incorporate by reference all foregoing paragraphs.

49. In the course and conduct of their loan servicing and collection, Defendants in numerous instances have force placed casualty insurance on Plaintiff's house at 150 Montrose Ave. S., Orange, NJ that was ten (10) times more expensive than Plaintiff's original insurance. Defendant's actions have caused and are likely to continue to cause substantial injury to Plaintiffs. This injury is not reasonably avoidable by Plaintiffs and not outweighed by countervailing benefits to Plaintiffs.

50. Defendants acts or practices constitute unfair acts or practices in or affecting commerce in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a).

51. Wherefore, Plaintiff demands judgment against the Defendants as follows:

     f.  compensatory damages;

     g.  punitive damages;

     h.  attorneys fees;

     i.  interest; and

     j.  for such other relief as the Court deems just and proper.

## SEVENTH CAUSE OF ACTION:
## DEFENDANT SPS' MISREPRESENTATION OF AMOUNTS OWED

52. Plaintiffs incorporate by reference all the foregoing paragraphs.

53. In the course and conduct of their loan servicing and collection, Defendants in numerous instances have failed to timely or properly Post payments received from Plaintiffs in a timely manner, and then have assessed late fees and other charges as a result.

54. In the course and conduct of their loan servicing and collection, Defendants in numerous in instances have represented, expressly or by implication, that Plaintiffs owed the amount specified in Defendants' communications.

55. 22.    On numerous occasions, Plaintiffs do not owe the amounts that have been specified in Defendants' communications. Plaintiffs do not owe the amount specified because, for example, (a) these included in the amount specified are a result of SPS's failure to properly post payments as alleged in Count IV; (b) fees included in the amount specified are not allowed under the mortgage contract or permitted by law as alleged in Count; and/or (c) the amount specified have been calculated incorrectly by SPS.

US DISTRICT COURT OF NEW JERSEY **CASE NUMBER 2:21-CV-605**: SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND MONETARY DAMAGES

56. Therefore, Defendants' representations as set forth in paragraph 21 are false or misleading and constitute deceptive acts or practices in violation of section 5 (a) of the FTC act, 15 U.S.C. § 45(a).

57. Defendants acts or practices constitute unfair acts or practices in or affecting commerce in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a).

58. Wherefore, Plaintiff demands judgment against the Defendants as follows:

    a.  compensatory damages;

    b.  punitive damages;

    c.  attorneys fees;

    d.  interest; and

    e.  for such other relief as the Court deems just and proper.

### EIGHTH CAUSE OF ACTION:
### SPS' UNFAIR AND DECEPTIVE ASSESSMENT AND COLLECTION OF FEES

59. Plaintiffs incorporate by reference all the foregoing paragraphs.

60. In the course and conduct of their loan servicing a collection, Defendants in numerous in instances have represented, expressly or by implication, that fees assessed and collected by SPS were (a) allowed under the mortgage contract and (b) permitted by law. Nonetheless, SPS improperly assessed and attempted to collect these fees.

61. On numerous occasions, the fees assessed and collected by SPS were (a) not allowed under the mortgage contract or (b) not permitted by law. Nonetheless, SPS improperly assessed and attempted to collect these fees.

US DISTRICT COURT OF NEW JERSEY **CASE NUMBER 2:21-CV-605**: SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND MONETARY DAMAGES

62. Therefore, Defendants' representations as set forth in paragraph 21 are false or misleading and constitute deceptive acts or practices in violation of section 5 (a) of the FTC Act, 15 U.S.C. § 45(a).

63. Wherefore, Plaintiff demands judgment against the Defendants as follows:

     a.  compensatory damages;

     b.  punitive damages;

     c.  attorneys fees;

     d.  interest; and

     e.  for such other relief as the Court deems just and proper.

**NINTH CAUSE OF ACTION:**
**SPS' VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

64. Plaintiffs incorporate by reference all the foregoing paragraphs.

65. On numerous occasions, in connection with the collection of that's what that were in default, when obtained by Defendants, defendants have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C.§1692e; including but not limited to:

    (a)   Falsely representing the character, amount, or legal status of a debt, or any services rendered or compensation which may be lawfully received by a debt collector for collection of the debt, in violation of Sections 807 (2)(A) and (B) of the FDCPA, 15 U.S.C. §§1692e (2)(A) and (B);

    (b)   communicating or threatening to communicate to any person credit information, which is known or should be known to be false, including the

US DISTRICT COURT OF NEW JERSEY **CASE NUMBER 2:21-CV-605**: SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND MONETARY DAMAGES

failure to communicate that it's disputed that is disputed, in violation of Section 807 (8) of the FDCPA, 15 U.S.C. § 1692e(8); and

(c)      using false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of Section 807(10) of the FDCPA, 15 U.S.C. § 1692e (10).

66. Pursuant to Section 814 of the FDCPA, 15 U.S.C. § 1692L, the acts and practices alleged in paragraph 40 also constitute unfair or deceptive acts or practices in violation of the FTC Act.

67. In connection with the collection of debts that were in default when obtained by defendants, defendants have used unfair or unconscionable means to collect or attempt to collect a debt, including but not limited to collecting amounts (including any interest, fee, charge, or expense incidental to the principal obligation, not authorized by the agreement creating the debt or permitted by law, in violation of Section 808(1) of the FDCPA, 15 U.S.C. §1692F(1).

68. Pursuant to Section 814 of the FDCPA, 15 U.S.C. § 1692l, the acts and practices alleged in paragraph 33 also constitute unfair or deceptive acts or practices in violation of the FTC Act.

69. In connection with the collection of debts that were in default when obtained by defendants, defendants have failed to notify consumers of their rights to dispute and obtain verification of their debts and to obtain the name of the original creditor, either in the initial communication with consumers by defendants, or within five days thereafter, in violation of Section 809 (a) of the FDCPA, 15 U.S.C. § 1692g (a).

US DISTRICT COURT OF NEW JERSEY **CASE NUMBER 2:21-CV-605**: SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND MONETARY DAMAGES

70. Pursuant to Section 814 of the FDCPA, 15 U.S.C. § 1692l, the acts and practices alleged in paragraph 36 also constitute unfair or deceptive acts or practices in violation of the FTC Act.

71. Wherefore, Plaintiff demands judgment against the Defendants as follows:

   k.  compensatory damages;

   l.  punitive damages;

   m.  attorneys fees;

   n.  interest; and

   o.  for such other relief as the Court deems just and proper.


**TENTH CAUSE OF ACTION:**
**SPS' REAL ESTATE SETTLEMENT PROCEDURES ACT VIOLATIONS**

72. Plaintiff incorporates by reference all the foregoing paragraphs.

73. In connection with the servicing of the Plaintiff Lisa Cleveland's mortgage loan and the administration of escrow accounts, Defendants have violated the requirements of Section 6 of RESPA, 12 U.S.C. §2605, specifically including the failure to:

   (a)  Correctly post payments received in a timely manner;

   (b)  Make timely payments of escrow funds to Plaintiff Lisa Cleveland of depreciation monies from Hurricane Sandy;

   (c)  Timely and adequately acknowledge, investigate and respond to Plaintiffs qualified written request for information about the servicing of our loan and escrow account.

74. Wherefore, Plaintiff demands judgment against the Defendants as follows:

    a.   compensatory damages;

    b.   punitive damages;

    c.   attorneys fees;

    d.   interest; and

    e.   for such other relief as the Court deems just and proper.

### ELEVENTH CAUSE OF ACTION:
### CIVIL PENALTIES FOR SPS' VIOLATIONS OF THE FDCPA

75. Plaintiffs have suffered, and will continue to suffer, substantial injury as a result of Defendants violations of the FTC Act, FDCPA, and RESPA. Despite injunctive relief by the Court, when Defendants were known as Fairbanks, the Defendants have continued to injure new Plaintiffs under a different named entity in SP Servicing.

76. Wherefore, Plaintiff demands judgment against the Defendants as follows:

    a.   compensatory damages;

    b.   punitive damages;

    c.   attorneys fees;

    d.   interest; and

    e.   for such other relief as the Court deems just and proper.

### TWELFTH CAUSE OF ACTION
### DEFENDANT ESSEX COUNTY'S FAILURE TO INTERVENE

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph 1 through 28 with the same force and effect as if fully set forth herein.

78. Defendant Essex County had an affirmative duty to intervene on behalf of Plaintiff whose constitutional rights were being violated;

79. The Defendants failed to intervene to prevent the unlawful conduct described herein.

80. As a result of the foregoing, Plaintiffs' reputations of being financially responsible people has been jeopardized and they have been humiliated and subjected to violations of their state and federal rights.

81. Wherefore, Plaintiff demands judgment against the Defendant as follows:

      a)    compensatory damages;

      b)    punitive damages;

      c)    attorneys fees;

      d)    interest; and

      e)    for such other relief as the Court deems just and proper.

## THIRTEENTH CAUSE OF ACTION
## ESSEX COUNTY'S MUNICIPAL LIABILITY

82. Plaintiff incorporates by reference all the foregoing paragraphs.

83. Defendants, collectively and individually, while acting under the color of state law, engaged in conduct that contained a custom, usage, practice, procedure or rule of the respective municipality/authority of the Essex County Judiciary, which is forbidden by the Constitution of the United States.

84. The aforementioned customs, policies, usages, practices, procedures and rules of the Defendants included, but were not limited to, discriminating against female and African American individuals without due process. In addition, the Defendants engaged in a policy, custom or practice of screening, hiring, training, retraining and supervising its employees, which was the moving force behind the violation of Plaintiff's rights as described herein.

US DISTRICT COURT OF NEW JERSEY **CASE NUMBER 2:21-CV-605**: SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND MONETARY DAMAGES

85. As a result of the failure of the Defendants to properly recruit, screen, train, discipline, and supervise its Judges, its Officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

**FOURTEENTH CAUSE OF ACTION**
86. **DEFENDANTS JP MORGAN'S, SPS', DEUTSCHE BANK'S, ASIC'S AND RICO VIOLATIONS**

87. Plaintiff incorporates by reference all the foregoing paragraphs.

88. JP Morgan conspired with Plaintiffs SP Servicing and Deutsche Bank to defraud Plaintiff when it created the faulty assignments to transfer the property illegally to Deutsche Bank by using the US Postal Service to send the faulty assignments and to send Plaintiffs' notification of such transfer of Plaintiffs property at 150 Montrose Avenue Sout Orange, NJ 07079.

89. Each time Plaintiff SP Servicing mailed a Mortgage Statement to Plaintiffs, it conspired with Deutsche Bank through mail fraud to defraud Plaintiffs and ultimately to deprive them of their property at 150 Montrose Avenue, South Orange, NJ 07079.

90. Each time Plaintiff SP Servicing mailed a Mortgage Statement to Plaintiffs, it conspired with ASIC through mail fraud to defraud Plaintiffs by charging egregiously expensive force placed insurance for their property at 150 Montrose Avenue, South Orange, NJ 07079.

**FIFTEENTH CAUSE OF ACTION**
**THEFT OF IMMOVABLE PROPERTY**

91. Plaintiff incorporates by reference all the foregoing paragraphs.

92. Defendant JP Morgan knowingly created false assignments with the intent of effectuating a change of ownership of the immovable property that is the subject matter property of 150 Montrose Avenue, South Orange, NJ 07079.

93. Defendant SP Servicing as agent of principal Defendant Deutsche Bank, knowingly accepted the faulty assignments for the purpose of gaining the benefit of ownership of said property for personal gain.

## SIXTEENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

94. Plaintiff incorporates by reference all the foregoing paragraphs.

95. Defendants' above-described conduct was extreme and outrageous. Said conduct was done intentionally with conscious disregard of Plaintiffs' rights, and directly and proximately cause Plaintiff's humiliation, mental pain and suffering.

## SEVENTEENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

96. Plaintiff incorporates by reference all the foregoing paragraphs.

97. Defendant Essex County's, and by provenance Defendant State of New Jersey, above-described conduct constituted a breach of Defendant's duty of care to Plaintiffs to ensure that defendants did not cause unnecessary or unjustified harm to Plaintiffs. It was reasonably foreseeable to all Defendants that a breach of that duty by defendants would cause emotional distress to Plaintiffs.

## CONCLUSION

98. The Defendant Essex County carefully and systematically deprived Plaintiffs of their rights to due process and Plaintiff Lisa Cleveland of her civil rights:

US DISTRICT COURT OF NEW JERSEY **CASE NUMBER 2:21-CV-605**: SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND MONETARY DAMAGES

a) Essex County failed to provide an impartial trier of fact, as Judge Donald A. Kessler, who lives in South Orange, New Jersey, where the Plaintiff lives stated that he was humoring the Plaintiff Lisa Cleveland, when listening to her testimony as a Defendant; and

b) Judge Kessler refused to allow discovery process to unfold, showed his lack of impartiality during various proceedings and particularly on the March 3, 2017, proceedings, when he angrily demanded to know "Who pays your taxes?" and, "When was the last time you paid Taxes?", and then summarily granted Defendant's Motion for Summary Judgement whereby violating Plaintiffs Due Process rights and Lisa Cleveland's Civil Rights as a woman of color. Plaintiff Lisa Cleveland hadn't been spoken to in such a rude and disparaging manner, since she left Wall Street as Merrill Lynch's first woman of color to become a Financial Analyst in 1986; so while perhaps vague, she knew exactly what Judge Donald Kessler was saying to her.

c) Similarly, when he flatly stated that "I am indulging you," by listening to Lisa Cleveland and Robert Broncel present their case, he again showed his personal bias that rendered him impartial, though at the time neither Robert Broncel, nor Lisa Cleveland was aware that Judge Kessler lived in South Orange and that perhaps Plaintiffs were affecting his property value, or that of a colleague, family member or friend in the Area.

d) Finally, Judge Kessler accused Defendant Lisa Cleveland, the sole signatory on the Mortgage at $150 Montrose Avenue, of "taking advantage by borrowing $920,000," as if she had the stress-related stroke on purpose, which

US DISTRICT COURT OF NEW JERSEY **CASE NUMBER 2:21-CV-605**: SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND MONETARY DAMAGES

caused her to lose the multiple six-figure income she had from running 27 companies for a notorious Hip Hop Mogul, due to events that happened after she, as his Executive Vice President and second in command, helped to sell one of his companies for in excess of US$115 million.

e)  caused further decline to Lisa Cleveland's health from the emotional distress of the from the constant threat of losing the home; and

f)  injured the career of Plaintiff Lisa Cleveland as it put her application for admission by Motion to the New Jersey State Bar on hold as her financial responsibility was called into question; and

g)  injured the career of her husband Robert Broncel of a Financial Services advisor by adding negative remarks to his Financial Industry U4;

h)  injured one of Plaintiffs' children, who began having panic attacks due, in part, to his fear of becoming homeless in New Jersey once he found out about the Ejectment Action.

99. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the emotional well-being, and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

100.    Defendants, collectively and individually, were directly and actively involved in violating Plaintiff's constitutional rights.

101.    Wherefore, Plaintiff demands judgment against the Defendant as follows:

a)    compensatory damages;

b)    punitive damages;

US DISTRICT COURT OF NEW JERSEY **CASE NUMBER 2:21-CV-605**: SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND MONETARY DAMAGES

c)    attorneys fees;

d)    interest; and

e)    for such other relief as the Court deems just and proper.

## EIGTEENTH CAUSE OF ACTION
## DEFENDANT IRS' IMPROPER RELEASE OF TAX LIEN

Per the Internal Revenue Service, the following summarizes the conditions under which a release

of a Federal Tax Lien is appropriate. IRC § 6325(a) requires the issuance of a release of federal

tax lien within thirty (30) calendar days of the date on which: a) the liability is satisfied; b) the

liability becomes legally unenforceable; or c) a bond is accepted. None of these conditions were

the case.  The liability was never satisfied; the liability was still legally enforceable, and no bond

was accepted.


Defendant Internal Revenue Service is the nation's tax collection agency and administers the

Internal Revenue Code enacted by Congress.  Defendant issued a Notice of Federal Tax Lien on

July 22, 2010, on the property at 150 Montrose Avenue, South Orange, NJ, when Plaintiff Lisa

Cleveland was unable to pay Federal Taxes, because of monies owed to her from her Continuing

Care Retirement Community Development LLC that far exceeded the tax debt.  Over the lien

caused numerous problems for both Plaintiff Lisa Cleveland and Plaintiff Robert Broncel.

Robert Broncel was obligated to report the lien on his Form U4.  Representatives of broker-

dealers, investment advisers or issuers of securities must be registered with the appropriate

jurisdictions and/or self-regulatory organizations (SROs). The Form U4 (Uniform Application

for Securities Industry Registration or Transfer) is used to establish that registration.  FINRA,

other self-regulatory organizations (SROs) and jurisdictions use the Form U4 to elicit

employment history, disciplinary and other information about individuals to register them.  This

24

US DISTRICT COURT OF NEW JERSEY **CASE NUMBER 2:21-CV-605**: SECOND
AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND
MONETARY DAMAGES

negative mark on his Form U4 has damaged the progression of his career for over a decade.  He

has lost job opportunities and promotion opportunities, because of the couple's inability to enter

a payment agreement with the IRS.  Similarly, Lisa Cleveland has been pending for three years

before the NJ Bar, in part because of the IRS lien.  The lien has caused the Board of Bar

Examiners to question her "Financial Responsibility."

The couple has continuously tried to resolve the lien and Plaintiff Cleveland has tried to declare

her husband an innocent spouse since the lien was a direct result of her earnings, not his.  The

IRS has refused to accommodate all of the couples' requests and has never responded to the

couples' latest endeavor to resolve the matter.

The IRS failed to defend their tax lien and as a result the Essex County Court improperly

dismissed the lien.

<u>**NINTEENTH CAUSE OF ACTION**</u>
<u>**ATTORNEY'S FEES**</u>

102.      Plaintiff incorporates by reference all of the allegations contained in paragraphs 1

through 40 as if the same were fully set forth herein.

103.      Plaintiff alleges that the facts set forth herein above support a Cause of Action to

enforce 42 U. S. C. 1983, ct seq., And as such Plaintiff is entitled to Attorney's Fees from

Defendants pursuant to 42 U. S. C. §1988.

104.      Wherefore, Plaintiff demands judgment against the Defendants as follows:

a)      compensatory damages;

b)      punitive damages;

c)      attorneys fees;

US DISTRICT COURT OF NEW JERSEY **CASE NUMBER 2:21-CV-605**: SECOND
AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND
MONETARY DAMAGES

d)      interest; and

e)      for such other relief as the Court deems just and proper.

## JURY DEMAND

105.      Plaintiff hereby demands a jury on all issues.

By:/s/ LISA CLEVELAND & ROBERT BRONCEL

Lisa Cleveland and Robert Broncel
Pro-Se Plaintiffs
DATED: September 12, 2021

## CERTIFICATION

106.      We, Lisa Cleveland and Robert Broncel hereby certify that in accordance with Rule 4:5-1 this is the only action presently pending and that no other action or arbitration is contemplated and that to Plaintiff's knowledge no other persons should be joined as a party in these proceedings.

By:/s/ LISA CLEVELAND & ROBERT BRONCEL

Lisa Cleveland and Robert Broncel
Pro-Se Plaintiffs
DATED: September 12, 2021

## PRAYER FOR RELIEF

107.      **WHEREFORE** Plaintiffs request that this Court, pursuant to Sections 5(a), 5m(1)(A), and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), and 53(b), Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), Section 16 of the RESPA, 12 U.S.C. §2614, and pursuant to its own equitable powers:

26

US DISTRICT COURT OF NEW JERSEY **CASE NUMBER 2:21-CV-605**: SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND MONETARY DAMAGES

108.    Enter judgment against each Defendant and in favor of Plaintiff for each violation charged in the Complaint;

109.    Permanently enjoin and restrain Defendants from violating the Constitutional due process rights of the Plaintiffs herein and Plaintiffs in the future, the FTC Act, the FDCPA, and the RESPA;

110.    Award such ancillary equitable relief as the Court deems necessary to prevent unjust enrichment enter address Plaintiff's injuries resulting from Defendants' violations of the United States Constitution, the FTC Act, the FDCPA, and the RESPA, including but not limited to rescission, modification or reformation of said mortgage, the refund of monies paid, and disgorgement of ill-gotten gains;

111.    Award plaintiff monetary civil penalties for each of Defendants' violations of the FDCPA and FCRA; and

112.    Award Plaintiffs

113.    Award Plaintiffs the cost of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

By:/s/ LISA CLEVELAND & /s/ ROBERT BRONCEL

Lisa Cleveland and Robert Broncel
Pro-Se Plaintiffs
DATED: September 12, 2021

US DISTRICT COURT OF NEW JERSEY **CASE NUMBER 2:21-CV-605**: SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND MONETARY DAMAGES